UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LORNE LEI WRAY,                )
                               )
       Plaintiff,              )
                               )
   v.                          )    No. 4:05-CV-1395-CEJ
                               )
SUSAN K. BOYER, et al.,        )
                               )
       Defendants.             )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Lorne Lei Wray for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident housed at the St. Louis Psychiatric Rehabilitation Center ("SLPRC"), seeks monetary relief pursuant to 42 U.S.C. § 1983.[1] The named defendants are Susan K. Boyer, John S. Rabun, Jr., Richard Scott, Ashok Mallaya, Michael Cherazard, and Karol Keil. Plaintiff's allegations concern his confinement at SLPRC, which is operated by the Missouri

---

[1] Plaintiff states that the grounds for filing this case in Federal Court are, as follows: "Meyer v. Nebraska (1923). Various federal and state laws, refer to enclosed statement of claim." In his "Supplemental Grounds/Facts in Support of Cause" [Doc. #5], plaintiff states that he believes defendants' actions "have been performed in a manner pursuant to policy or custom" under Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Given the nature of plaintiff's claims, the Court will liberally the complaint as a civil rights action.

2

Department of Mental Health, and his attempts to seek release.

The Court takes judicial notice of the fact that on November 3, 2003, plaintiff filed a § 1983 action for monetary relief against John S. Rabun Jr., Richard Scott, Ashok Mallaya, Susan K. Boyer, Beverly Buscemi, Karol Keil, Michael Cherazard, Mario Carrea, Mary Lois Lacey, Dorn Schuffman, Anthony Milan Ross, Office of the Missouri State Attorney General, Margaret Neil, the City of Country Club Hills Police Department, Jessica Liss, David C. Mason, and Michael P. David. See Wray v. Rabun, No. 4:03-CV-1572-JCH (E.D. Mo.). Summarizing the complaint, the Court stated in its Memorandum and Order of May 19, 2004, as follows:

> Plaintiff's allegations primarily concern his continued confinement with the Missouri Department of Mental Health, and his attempts to seek release. Specifically, plaintiff alleges, among other things, that defendant Rabun: i) tried to brainwash him into believing he was guilty; ii) made threats against him and suspended him from his job; iii) placed plaintiff in the "lowest functioning wards" after he filed a lawsuit; iv) wrote false reports about his behavior; and v) "knows the plaintiff is not and have [sic] never been ill." Regarding defendants Scott, Mallaya, Boyer, Buscemi, Keil, Cherazard, Carrea, and Lacey, plaintiff alleges that these defendants support defendant Rabun's diagnosis and have filed false reports against him as well as harassing him and retaliating against him.

Id., Doc. #8. In its Order and Memorandum of September 17, 2004, the Court dismissed the complaint as legally frivolous and/or for failing to state a claim upon which relief may be granted. Id.,

Doc. #12. The Court found that plaintiff had failed to comply with the Court's May 19, 2004 order to provide information regarding his state court lawsuits against the named defendants. In addition, the Court held, as follows:

> Plaintiff's allegations against these defendants (previously set out in this court's order an memorandum of May 19, 2004) fall into the category of mere disagreement over how civil detainees should be cared for and treated and do not indicate a complete lack of professional judgment necessary to show a due process claim and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Id. Plaintiff did not appeal the District Court's judgment.

The facts in the instant action are substantially similar, if not identical, to those set forth in plaintiff's previously-filed § 1983 lawsuit. Both actions arise out of the same nucleus of operative facts, and there is an identity of parties, given that all defendants in the case at bar were named as defendants in plaintiff's original § 1983 action. As such, and inasmuch as the 2004 dismissal of plaintiff's original § 1983 action was a final judgment on the merits, the Court concludes that principles of res judicata and collateral estoppel render the instant action legally frivolous. See Roboserve Inc. v. Kato Kaguku Co., 121 F.3d 1027, 1034 (7th Cir. 1997) (res judicata requires the joinder of "all legal and remedial theories that concern a single transaction"); Oldham v. Pritchett, 599 F.2d 274, 278 (8th Cir. 1979) (collateral estoppel).

4

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Lorne Lei Wray v. Susan K. Boyer, John S. Rabun, Jr., Richard Scott, Ashok Mallaya, Michael Cherazard, and Karol Keil</u>.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**